All right, it looks like we're ready to proceed. This is Deutz Corporation v. Engine Distributors, Inc. and Roger Wilson is here for the appellate and Matthew Ames is here for the appellee. And Mr. Wilson, are you ready to proceed? Yes, Your Honor. You may. Thank you, Your Honor. May it please the court. I noted that I asked for 10 minutes for my argument and to reserve five for about what looks like they might have started at 12. As the court knows, Your Honor, this case is a contract dispute stemming from a contract relationship of 35 years between two companies, a manufacturer and a distributor. Deutz is the manufacturer, Engine Distributors, Inc. or EDI is the distributor. Judge Brown erred in taking away from the jury crucial factual determinations both on Deutz's main claims and on EDI's counterclaims. All those are contract disputes. There's ample evidence in this case of record submitted by EDI from Discovery that backs up, at least creates tolerable issues for the jury on EDI's counterclaims. Do we really have a factual dispute here? So in other words, if EDI tells its customers, we want you to buy a Ford gasoline engine because it's better than a Deutz diesel engine, don't buy the Deutz diesel engine, buy the Ford gasoline engine. That doesn't violate section 9.2 of the contract, which requires that EDI not do harm to the goodwill or reputation or standing of Deutz. I mean, it seems pretty clear to me that that's a violation of section 9.2 if the distributor says don't buy Deutz engines, buy Ford's engines. Your Honor, the critical issue is whether they are competitive engines, whether the Ford gas engines, for example, are competitive with the Deutz diesel engines. Counsel, here's my question. It seems to me that the district court here applied its local rule to pretty much adopt Deutz's version of the facts and that EDI did not challenge that at any point and does not challenge its application on appeal, even though Deutz expressly brought it up in its briefing. So why are we not stuck with the district court's determination of the facts? Why have you not waived that? The district court, Your Honor, violated the standards of rule 56 in failing to make all inferences from the evidence in favor of the non-movement of EDI. Counsel, I'm sorry to interrupt. That may be true. It may or may not. But the problem is that you did not object to that and you did not appeal that. There's nothing in there that I see that challenges the district court's decision to rely on the local rule to adopt the Deutz version of the facts. And so unless we can get beyond that, we can't even consider whether the district court, in looking at the record, whether it might have drawn the wrong factional conclusions if it compared them to the facts that EDI submitted. Why is that not the case? I think I would effectively be setting aside the requirements of rule 56 for local rule, Your Honor. And I think that's a problem. I'm sorry. I don't. Did you challenge somewhere? Maybe I missed it. It's possible. Did you challenge somewhere the district court's determination to apply the local rules and conclude that Deutz's version of the facts governed because you had not complied with the local rules? We challenged. I'm sorry. We challenged the courts. Am I transmitting? We can hear you. Okay. I'm hearing noises. We challenged the district court's findings of the facts and we challenged the district court's failure to even consider the facts and the evidence estimated by EDI. I'm sorry. Where in the record could you point me to where EDI challenged the district court's application of the local rules which adopted Deutz's version of the facts because it found that EDI failed to comply with the local rule specifically addressing each of the particular material facts that Deutz submitted and then submitting its own? Where did you challenge that? As I said, it's quite possible you didn't. I may have missed it, but I'm sure it is in the record. So if you could direct me to where you did that, that would be very helpful. I don't know that we framed it in those terms, Your Honor. Okay. Why isn't that a problem? Why doesn't that mean that we waived that argument? I think we've complained throughout the appeal that the judge failed to comply with the requirements of Rule 56. And I don't think what the court, what the district court did pursuant to the local rule permits the violation of Rule 56 standards which we've relied upon from the outside of the appeal. Mr. Wilson, one of the facts that the district court relied upon to grant summary judgment was that there's evidence that Deutz sold a Ford engine to a customer who wanted a Deutz engine saying they're better. Is that disputed? Yes, Your Honor. That's disputed? Yes, Your Honor. If it's not disputed, that seems like that's enough to constitute a violation of Section 9.2 of the contract because that conduct is harmful to the goodwill of Deutz and damaging to its reputation. Would you agree or disagree with that? I disagree. We challenge the allegation and we challenge the fact that those are competing from both Deutz and from EDI, that the engines are not competitive. Deutz recognized that in his deposition testimony. Deutz recognized that by not objecting to EDI. Why do the engines have to be in competition with one another? If you bad mouth a Deutz engine, why does it necessarily have to be in competition with a Ford gasoline engine? They're not in competition for the same use, Your Honor. We reject and we dispute that we have caused Deutz any engine sales in any way by continuing in the long-standing practices of EDI from before the relationship with Deutz in distributing Ford engines and Kubota engines and later in manufacturing Ford engines. We dispute that we disparaged of Deutz or its products, Your Honor. We dispute that. If I may continue, Your Honor. May I? Judge Brown failed to even address the evidence submitted by Deutz and allow presentation to in favor of EDI. He failed to construe the facts most favorably in favor of EDI. There were issues of fact and those issues of fact have to be decided by a jury as the court said it hurts our credibility determinations, the weighing of evidence, the drawing of inferences from the facts, the foundation, said Graham. If the record presents factual issues, Your argument has expired. Thank you, Your Honor. All right, Mr. Wilson, you have reserved, I believe, five minutes for rebuttal and we'll hear from Mr. Ames. Thank you, Your Honor. May it please the court. Matthew Ames on behalf of Deutz Corporation. As counsel noted, we're here on two separate rulings by the district court below. The first, the district court's finding is a matter of law that good cause existed to ruling that summary judgment was appropriate as to EDI's counterclaims against Deutz. Both of those rulings were correct and should be affirmed. I'd like to start with the state of the record and based on the prior questioning, it sounds like the court understands the argument. The district court found expressly that EDI failed to comply with local rule 56.1 of the EDI. That rule, of course, governs the presentation of evidence in support of and in responding to a motion for summary judgment. And EDI does not expressly enumerate as error in its submissions to this court that the district court erred in its finding that local rule 56.1 was not complied with. So the upshot of that under the very well-established precedent of this court is that, yes, our facts are deemed unopposed and admitted. And so the only legal question before this court is do those undisputed facts support the district court's ruling? And EDI doesn't directly address that question at all in their brief. I mean, to be clear, they do argue, of course, that the district court got it wrong. But in making that argument, they go well outside of the undisputed facts that supported the district court's ruling. And that's improper. By not enumerating the district court's application of its local rules as error, they've waived the right to argue that now. And if EDI is held to that waiver, and we believe the law is clear that they should be, that should be just about the end of it because the entirety of their argument is based on these rebuttal points that go outside the scope of the undisputed facts that the district court considered. One more point on the local rules before I change subjects. The district court's rulings were correct, even if EDI's extraneous facts were considered. And I'm certainly prepared to answer any questions that the court may have about those extraneous facts. But the takeaway for now at this point is that the most direct path to affirming is through the local rules. Our facts are treated as undisputed, and they supported the district court's findings. In addition to the local rule problem, there is also a significant waiver issue that addresses just about every claim and contention in the case. There are several instances where EDI does not address every ground that the district court cited in support of its rulings. And by failing to address the district court's grounds, each and every one of them, they've And that's a proper legal basis to affirm as well under the well-settled precedent of this circuit. So let's talk about the waiver issue. Starting out on our claim for declaratory relief, our request that the court find as a matter of law that good cause existed. There were several things that the district court cited to, several specific breaches that supported a finding of good cause to terminate. And EDI does not address any of them squarely head on, much less all of them. Ground one, that EDI does not address in their briefing. Undisputed that EDI gave misinformation to a customer that came to EDI asking to buy a Deutz engine, but was sold a Ford engine instead. And that sale was accomplished by giving the customer misinformation about the specifications of the Deutz engine. The district court specifically notes that in its order, and EDI doesn't address it at all in their briefing. And that fact was undisputed. And I agree with the question by Judge Wilson, shouldn't that be enough? Isn't that a per se violation of paragraph 9.2 of the agreement? The answer is yes. And that's what the district court. I thought Mr. Wilson's answer to the question was yes, that fact is disputed. If you look though, if you look at the, if you look at our local rule 56.1 statement of material facts and their response that they don't, they don't deny that that's what happened. The evidence was an email. I mean, it was there in black and white. The customer asked, you know, we need a water-cooled engine. Does Deutz sell a water-cooled engine? And the email EDI said, no, they don't. And we submitted an affidavit from a Deutz representative that said, yes, we do. We do sell that. And then EDI was asked in deposition, did you even ask Deutz if they had an engine to satisfy the customer's needs? And the answer was no, we didn't. So while council is saying today, we dispute that, the record doesn't reflect that. And their brief doesn't say it either. And that breach alone was enough, but that wasn't the only breach. EDI also gave a presentation to its sales network touting its Ford product as superior to ours. They said EDI's gas engines have a huge advantage over our industrial diesel counterparts. And when asked, was that a reference to Deutz? The answer was yes. So here they are telling their sales team, we've got a huge advantage over this Deutz product. And the presentation goes on to highlight, to show the successful conversion of a long standing Deutz customer known as Vacon from Deutz engines to Ford engines. And Ford says in this presentation, this conversion of this customer from Deutz to Ford led to increased profitability for us and increased market share. EDI does not deny that that's exactly what the presentation said and that that's what happened. And EDI's brief doesn't address that specific finding by the district court, much less explain how that fact can be reconciled with their contractual obligation to maximize Deutz sales and safeguard and protect our brand. And they haven't addressed it because they can't address it. In addition to those breaches, the district court noted an instance where EDI approached a Deutz customer, Southwest Airlines, and said, hey, I hear you guys are still buying from Deutz. I'm surprised you're not looking at Ford gasoline engines more and more. And the district court also noted that for several years, EDI ran an ad in a national publication touting Ford gas engines as the solution, implying a problem, the solution to tier four diesel engines. And the district court found this is important. At page 19 of its order, the district court found that any one of those breaches alone was enough. And so that put on EDI the burden of showing why the district court got it wrong with respect to each and every one of those findings. And it didn't. It didn't explain how a single one of those things somehow does not constitute a violation of the distributor agreement. So that's it for the declaratory action claim. They also have a waiver problem with respect to several of their counterclaims. Let's take their promissory estoppel claim first. That claim rests on an email that Deutz sent to EDI before the lawsuit. And that email from Deutz said, we look forward to continuing the relationship with you for years to come. And the district court granted summary judgment against that claim on two separate grounds. Number one, that the promise itself was indefinite and vague and could not serve as a basis for an estoppel claim. And the district court cited a law that said that. Second, the district court cited to language in the distributor agreement itself that foreclosed the claim. That EDI could not rely on promises of that nature to give rise to legal rights. So two separate grounds for summary judgment that the district court cites to. EDI doesn't address directly with supporting legal authority either one of those findings by the district court. It does say, yes, that promise was good enough, but they don't cite to any law for that proposition, much less distinguish the law relied on by the district court. And as for the language of the distributor agreement foreclosing the claim, they don't address that at all. So that's another waiver issue. Let's talk about the breach of contract claim. Lots of waiver problems there. The only provision that they cite to in the brief before this court is section 5.4 of the distributor agreement. That section says that we do it will timely fill orders. Once we accept them, we will timely fill them. And it's the acceptance part that's key before there could be any possible breach of section 5.4. They've got to show that we accepted the order first. And as the district court noted, there was no evidence of a single order that we do is accepted first and then timely failed to fill. So they and they don't address that finding by the district court, argue that the district court got it wrong, that they missed an order that we accepted and that the district court failed to account for that. They just they don't address that at all. And then secondarily, there was a second basis for summary judgment as to that claim. And that rests in section 6.4 of the distributor agreement, which says even if we do it's breach, even if we fail to timely fill an order that we've already accepted, EDI's sole remedy is to cancel the order. In no event are we liable for monetary damages of any kind. And EDI doesn't directly address address with reference to supporting legal authority. That argument as well. EDI complains about encroachment. They complain that we improperly sold in their territory. Now, they don't in their brief cite to a specific contract provision, but let's address it anyway. They complain about encroachment, that we made improper sales. District court cited to two grounds for summary judgment against that claim. Number one, at section 12 of the distributor agreements, we are expressly permitted to various categories of sales in EDI's territories. We're permitted to sell to international organizations, where we are allowed to sell to government entities, and we are allowed to sell to original equipment manufacturers or OEMs for short. The district court found based on the evidence that we submitted that the only sales that Dwight's made in EDI's territories were to this permissible category of customers. That was it. EDI did not produce evidence of a single improper sale, a sale to an entity that's not covered within the rights that we reserve. And they don't address it in their brief, and they didn't address it below. So they waived the right to argue that. In addition, the district court found correctly that the distributor agreement and that the Dwight's policy manual have a dispute protocol for concerns of encroachment. There is a way that you can escalate that type of a complaint. And the district court found correctly that EDI failed to invoke that. There was no evidence that they even attempted to invoke the mandatory protocol for a claim of encroachment. And EDI doesn't address that finding by the district court either. So there's a waiver problem there. I want to switch finally to EDI's claim under the New Jersey Franchise Act. EDI contends that the district court erred in its application of the choice of law provision set forth in the distributor agreement. And it's an all-encompassing choice of law provision which specifies that Georgia law applies to the exclusion of the laws of any other jurisdiction to not just the agreements themselves, but to all transactions contemplated by the agreements. EDI does not challenge the district court's finding as a matter of contract interpretation that that finding was incorrect. In other words, they don't take issue with the district court's interpretation of that choice of law provision. Their argument is that applying the choice of law provision is contrary to public policy. But in making that argument, EDI misapplies the applicable choice of law rules. Because this was an action sitting in diversity, the choice of law rules of the forum state applied here, Georgia. And under Georgia law, a choice of law provision such as this one is binding and enforceable unless its enforcement would violate the public policy of the state of Georgia. EDI's argument here is that applying the choice of law provision would offend the public policy considerations of the state of New Jersey. That's not the right test. And if the court looks at EDI's brief here on this choice of law issue, they cite only two out-of-state and out-of-11th circuit cases. They don't squarely address the choice of law rules that govern this case. And once you apply those rules, the question answers itself. It is entirely consistent with Georgia public policy to apply a contract that specifies Georgia law. All we're asking for here is for permission to do what the contract, clear and unambiguous contract allows us to do. And that's part ways with them based on several material breaches of these agreements. The district court got it correct. And the ruling below should be affirmed. Appreciate the court's attention. All right. Thank you, Mr. Raines. We'll hear from Mr. Wilson. You've reserved, I believe, five minutes for a rebuttal. Yes, Your Honor. The district court in footnote one says that EDI largely disregarded local rule 56.1b, which requires a non-movement to refute directly each of the movement's facts with concise responses and specific citations to evidence. A document 139 from the district court docket is a which is in the record on appeal is 50 pages. It's almost a 50 page document by submitted by Deutz by EDI on January 25th, 2018. That is the defendant's response to plaintiff's statement of undisputed material facts in motion for summary judgment and counterstatement of undisputed material facts and support EDI's cross motion for summary judgment. Counsel, I understand. And you might be right if you're about to argue that the district court incorrectly applied rule 56.1. But now, since you didn't challenge that below and you didn't challenge it in your briefing, even after Deutz specifically pointed it out, you didn't respond to it in your reply briefing. If the issue is waived, and now we are stuck with whatever the district court included the facts were, regardless of whether the district court misapplied the local rule. But maybe I'm missing something. So maybe you can explain why you did not waive that by not responding to that particular objection, I guess. Not raising it or not addressing it on appeal in the briefing, either. I did raise it in my brief, Your Honor. I said that contrary to the court's conclusions, in my brief appellate, contrary to the court's conclusions, or contrary to the court's ignoring of EDI's own asserted facts, EDI submitted almost a 50-page brief containing its own recitations of undisputed facts and responding fact by fact. Where did you say that the district court erred in applying local rule 56.1? Just maybe the directing of that part of your briefing or the record reflects that. I don't know that it was stated in those terms, Your Honor. We objected to the district court's basically adoption of Deutz's evidence and factual statements, factual assertions. And it's disregarding the evidence and factual assertions by EDI. And but I don't know that we referred specifically to local rule 56.1. But I think we made the argument, just perhaps not most prominently phrased. Well, the court also could have denied your cross-motion for summary judgment because it was untimely. It was 15 days late. Couldn't it? I mean, it seems like the court was pretty lenient with you by waiving that error. But that could have been denied as untimely, couldn't it? Yes, Your Honor. Yes, Your Honor. But the district court didn't address at all what the real gravamen of EDI's complaint is, EDI's defenses to the contract claims by Deutz and EDI's own contract counterclaims, which is the individual instances of misfeasance by Deutz in pursuit of the contract started at the time when Deutz started looking to displace EDI and evade the evergreen contract with EDI. And also that all those individual instances of misfeasance by Deutz constitute or are in parcel of a larger plan by Deutz to deteriorate the environment of the business relations between the two companies and thus to achieve by that what it could not obtain by terminating the contract with the evergreen clause. That's the gravamen of EDI's complaint, counterclaims defense for the beginning of this case. All right, I think we have your argument. Thank you, Mr. Wilson and Mr. Ames.